J-S68015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD WILLIAMS, | |
| Appellant | No. 2962 EDA 2013 |

Appeal from the PCRA Order entered September 27, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0008316-2009

BEFORE:  ALLEN, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED NOVEMBER 07, 2014**

Ronald Williams ("Appellant") appeals from the order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> 1. [Appellant], along with his son Ronald Williams, Jr., and a third co-defendant, Michael Raines, was arrested on December 18, 2008 and charged with possession of a controlled substance with intent to deliver, violations of the uniform firearms act, and cruelty to animals.
>
> 2. On February 2, 2011, immediately after this Court denied [Appellant's] Motion to Suppress, [Appellant] spoke with [trial counsel], and requested that [trial counsel] explore the possibility of a guilty plea.
>
> 3. During plea negotiations, [Appellant] expressed his wish that his son, Ronald Williams, Jr., not spend any more time in custody.

4. [Trial counsel and the Commonwealth] were eventually able to work out a negotiated plea where [Appellant] would receive a total sentence of six to twelve years' incarceration and Williams, Jr. would receive a sentence of two to twenty-three months' incarceration with immediate parole.

5. [Appellant] agreed to this because it meant that his son would receive no further time in custody.

Findings of Fact and Conclusions of Law, 9/27/13, at 1. That same day, Appellant entered a guilty plea to various charges, and the trial court imposed the negotiated sentence of six to twelve years of imprisonment. Appellant filed neither post-sentence motions nor a timely appeal to this Court.

On August 16, 2011, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and on July 12, 2012, PCRA counsel filed an amended petition. Within this amended petition, Appellant claimed that trial counsel was ineffective for failing to file post-sentence motions or a direct appeal.

The PCRA court held an evidentiary hearing on August 23, 2013. At this hearing, Appellant, his mother, and trial counsel testified. Following the hearing, the PCRA court made these additional factual findings:

6. Following the plea, [Appellant] did not contact [trial counsel] to ask him to file either a motion to withdraw the plea or a notice of appeal.

7. [Appellant's] mother, Marian Williams, was present for the plea and testified that at some point following the plea, [Appellant] called her from prison and told her to tell [trial counsel] to file a direct appeal.

8. Marian Williams called [trial counsel's] office and left a message with an unidentified woman. She never spoke to [trial counsel] following this and did not express to the unidentified woman her desire for [trial counsel] to file a direct appeal.

9. [Trial counsel] testified that he was never contacted by [Appellant] or any member of his family in relation to filing a motion or an appeal in this case; on the contrary, he noted that [Appellant] appeared pleased that a resolution involving [Appellant's] son could be reached.

Findings of Fact and Conclusions of Law, 9/27/13, at 1. Based on these findings, the PCRA court made the following conclusions of law:

1. This Court finds [trial counsel's] testimony that he was never contacted in relation to a post-sentence motion or direct appeal credible.

2. [Appellant] therefore cannot establish that he is entitled to relief with respect to a direct appeal.

3. Furthermore, [Appellant] has not suggested any reason why he suffered prejudice as a result of not having post-sentence motions filed on his behalf.

4. According to [Appellant's] own PCRA attorney, he was simply "dissatisfied" with the plea he entered in the days [sic] following February 2, 2011.

5. Mere dissatisfaction or regret is not a basis for withdrawing a guilty plea. Rather, a defendant who wishes to withdraw a guilty plea after sentencing must demonstrate "manifest injustice", which can be shown by proving that the plea was involuntary. *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002)[.]

6. [Appellant] does not claim his plea was involuntary. To the contrary, [Appellant] participated extensively in the plea negotiations and knowingly entered into the plea deal, in part, because he thought it would help his son.

7. For that reason, [Appellant] is not entitled to relief.

Findings of Fact and Conclusions of Law, 9/27/13, at 2.

By order entered September 27, 2013, the PCRA court denied Appellant post-conviction relief. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant's sole claim on appeal is that the PCRA court erred in denying his PCRA petition. According to Appellant, "[t]his case presents the question of whether there is undue pressure exerted on a defendant where it is a quid pro quo that a co-defendant relative would receive a lighter sentence in exchange of the guilty plea." Appellant's Brief at 10. Upon review, we conclude that Appellant's claim is waived under the PCRA because he filed neither a post-sentence motion to withdraw his guilty plea nor a direct appeal. **See generally**, 42 Pa.C.S.A. § 9544(b). Thus, we address Appellant's underlying issue, *i.e.*, whether trial counsel was ineffective for failing to file an appeal on Appellant's behalf.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.** Stated differently, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in

the certified record." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

In order to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2). One of the errors enumerated in section 9543(a)(2) of the PCRA is a claim of ineffectiveness of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Id.*** "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

This Court recently summarized:

"Before a court will find ineffective assistance of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa. Super. 1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).

The rule set out by *Knighten* was subsequently modified by more recent decisions, particularly *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and its Pennsylvania expression, *Commonwealth v. Touw*, 781 A.2d 1250, 1254-1255 (Pa. Super. 2001). These cases impose a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason for counsel to think that a defendant would want to appeal. The failure to consult may excuse the defendant from his obligation to request an appeal under *Knighten*, such that counsel could still be found to be ineffective in not filing an appeal even where the defendant did not request the appeal.

Pursuant to *Flores-Ortega* and *Touw*, counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that the particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Commonwealth v. McDermitt*, 66 A.3d 810, 815 (Pa. Super. 2013).

Here, Appellant does not assert a right to relief based upon *Flores-Ortega* and *Touw*, *supra*. Indeed, the PCRA court accepted as credible trial counsel's testimony that Appellant was fully satisfied with the negotiated plea, and with the disposition of both his case and that of his son. *See*, *supra*. The PCRA court further credited trial counsel's testimony that

neither Appellant nor any member of his family requested that he file an appeal. As a matter of credibility, the PCRA court believed trial counsel's version of the facts. We cannot disturb this determination. ***See Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

In sum, our review of the record supports the PCRA court's conclusion that Appellant never requested that trial counsel file an appeal. Thus, Appellant's ineffectiveness claim fails, ***Harmon***, 738 A.2d at 1025, and we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2014