J-S18023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN GRAY, | |
| Appellant | No. 1453 EDA 2014 |

Appeal from the PCRA Order entered April 28, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-1204181-1997

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED MARCH 18, 2015**

Kevin Gray ("Appellant") appeals from the order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The pertinent facts and procedural history have been summarized as follows:

> On the morning of November 20, 1997, [Clayton Kimbrough] was standing at the intersection of Broad Street and Girard Avenue in Philadelphia.  He was talking to a friend.  Appellant approached Kimbrough and asked him for beer money.  Kimbrough said he didn't have money for beer and told [Appellant] to leave him alone. Kimbrough testified that [Appellant] became angry and threatened to "kick his ass."  At this point, [Appellant] went to his car and retrieved a large garden sickle. Appellant returned and swung the sickle at Kimbrough's neck and chest.  Kimbrough hit [Appellant's] arm as he swung the sickle, causing him to drop it.  Kimbrough then threw the sickle down a storm drain and again told [Appellant] to leave him alone.

Appellant, however, continued his aggression. He lifted the storm drain cover and climbed down to get the sickle. As he pulled himself out of the storm drain, [Appellant] laid the sickle on the ground. Kimbrough kicked the sickle away from [Appellant] and a struggle ensued. Eventually, Kimbrough wrestled the sickle from [Appellant] and struck him in the ribs with it. Kimbrough testified that he feared for his life, and that [Appellant] appeared to be under the influence of drugs or alcohol and was not lucid. Kimbrough threw the sickle to the ground as he heard the sirens from an approaching police car. Appellant picked up the sickle, ran around the corner and smashed the windshield and hood of Kimbrough's car with it.

Officer [Walton] Richardson, who was the first officer to arrive at the scene, saw [Appellant] getting into his car. Appellant's shirt was bloodied and a sickle was on the front seat. Officer Richardson testified that [Appellant] did not appear to be seriously injured. Appellant told the officer that he had been attacked by a "big black guy." Officer Richardson went to the corner and encountered Kimbrough. Appellant identified Kimbrough as the assailant. Officer Richardson then took Kimbrough into custody. After speaking with witnesses, however, the police released Kimbrough and arrested [Appellant].

At trial, the defense attempted to show that [Appellant] acted in self defense. Appellant testified that he had approached Kimbrough about a job opportunity. Appellant claimed that Kimbrough cursed him and that, as he walked away, Kimbrough stabbed [him] twice in the back with a knife. According to [Appellant], Kimbrough then took the sickle from his ([Appellant's]) car and attacked him with it. Appellant claimed that Kimbrough stabbed him twice in the head with the sickle before throwing it in the storm drain. At this point, [Appellant] retrieved the sickle. Appellant testified that Kimbrough disarmed him and stabbed him two more times. Appellant denied damaging Kimbrough's car. Appellant also claimed that he had to be carried to his car by two people because of the severity of his wounds.

*Commonwealth v. Gray*, 4 A.3d 200 (Pa. Super. 2010), unpublished memorandum at 1-3 (citation omitted).

On August 5, 1998, at the conclusion of a waiver trial, the trial court convicted Appellant of aggravated assault with a deadly weapon and related charges. In order to obtain a pre-sentence report and a mental health evaluation, the trial court deferred sentencing until October 7, 1998. The trial court released Appellant on bail. On the date for sentencing, Appellant failed to appear, and the trial court issued a bench warrant for his arrest. Appellant's whereabouts were not discovered until 2006 when he was arrested in Alabama on unrelated charges. Appellant was subsequently extradited to Pennsylvania. On January 12, 2007, the trial court sentenced Appellant to an aggregate term of five to ten years of imprisonment.

Appellant filed a timely motion for reconsideration of sentence, which the trial court denied on January 22, 2007. Appellant did not file a direct appeal. Following the filing for post-conviction relief, however, Appellant's appellate rights were restored *nunc pro tunc*. Thereafter, Appellant filed a timely appeal to this Court. On May 24, 2010, this Court rejected Appellant's claims and affirmed his judgment of sentence. ***Gray***, ***supra***. On November 17, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Gray***, 13 A.2d 475 (Pa. 2010).

Appellant filed a *pro se* PCRA petition on February 2, 2011. The PCRA court appointed counsel, and PCRA counsel subsequently filed an amended petition raising three claims of ineffective assistance. Specifically, Appellant alleged that trial counsel was ineffective for: 1) advising Appellant to waive his right to a jury trial; 2) failing to call an expert witness; and 3) failing to

investigate witnesses and/or call Marlon Savage as a defense witness. On July 19, 2013, the Commonwealth filed a motion to dismiss. In response, PCRA counsel filed a supplemental affidavit.

The PCRA court concluded that only Appellant's final ineffectiveness claim necessitated an evidentiary hearing. Thus, Appellant claim that trial counsel was ineffective for failing to call witnesses, including Mr. Savage, was the subject of an evidentiary hearing held on October 28, 2013. At this hearing, Appellant, his mother, and Mr. Savage testified on Appellant's behalf. Trial counsel testified for the Commonwealth. By order entered April 28, 2014, the PCRA court dismissed Appellant's amended PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

> I. Whether the [PCRA court] was in error in denying [Appellant's] PCRA petition without a hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.
>
> II. Whether the [PCRA court] was in error in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 8.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). We pay great

- 4 -

deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). Finally, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Johnson*, 966 A.2d at 532. "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Counsel will not be deemed ineffective if any reasonable basis exists for counsel's actions. *Commonwealth v. Douglas*, 645 A.2d 226, 231 (Pa. 1994). Even if counsel had no reasonable basis for the course of conduct pursued, however, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. *Douglas*, 645 A.2d at 232. In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003).

As noted above, the PCRA court dismissed Appellant's claims that trial counsel was ineffective for advising him to waive his right to a jury trial and for failing to call an expert witness without first holding an evidentiary hearing. We will review each claim separately.

Appellant first claims that trial counsel was ineffective for advising him to waive his right to a jury trial. According to Appellant, "[a]lthough the [trial court] colloquied him on giving up this right, . . . his [trial] counsel gave him improper and bad advice and convinced him to have a waiver trial.

In a case such as this, where credibility was at issue, [Appellant] would have been better served in having a jury trial." Appellant's Brief at 17.

This Court has recently reiterated:

> When a presumptively-valid waiver is collaterally attacked under the guise of ineffective assistance of counsel, it must be analyzed like any other ineffectiveness claim. Such an inquiry is not resolved by the mere absence of an oral waiver colloquy; instead, the analysis must focus on the totality of relevant circumstances. Those circumstances include the defendant's knowledge of an experience with jury trials, his explicit written waiver (if any), and the content of relevant off-the-record discussions counsel had with his client.

*Commonwealth v. Michaud*, 70 A.3d 862, 871 (Pa. Super. 2013) (citations omitted).

The PCRA court explained its reasons for rejecting Appellant's ineffectiveness claim as follows:

> This claim has no merit and is belied by the record.
>
> Prior to [Appellant's] bench trial, this court conducted an on-the-record colloquy to ascertain whether [Appellant's] decision to waive his right to a jury trial was made knowingly, intelligently and voluntarily. In response to this court's questions, [Appellant] stated that he had fully discussed his case with counsel, that he was satisfied with counsel's representation and that he understood all of his trial rights. [Appellant] also stated that he understood the maximum possible sentence he faced. The court further reviewed with [Appellant] the major difference between jury and waiver trials, and [Appellant] stated that he understood those differences. Finally, [Appellant] stated that his decision to [forgo] a jury trial was his own, and that no one had threatened him or coerced him into making that decision. It is well settled that a defendant is bound by the statements which he makes during a colloquy. *See Commonwealth v. Barnes*, 687 A.2d

1163 (Pa. Super. 1996), *appeal denied* 548 Pa. 613, 693 A.2d 585 (1997).

Based upon [Appellant's] answers, this court found that his decision to waive his right to a jury trial was knowingly, voluntarily and intelligently made. [Appellant] cannot now claim otherwise. Trial counsel was not ineffective for advising [Appellant] to waive his right to a jury trial.

PCRA Court Opinion, 7/16/14, at 9.

Our review of the trial court's colloquy with Appellant regarding the waiver of his right to a jury trial supports the PCRA court's conclusions. **See** N.T., 8/5/98, at 3-8. Thus, the PCRA court did not error in dismissing this claim of ineffectiveness without a hearing.

Appellant next claims that trial counsel was ineffective for failing to "secure an expert to testify that the incident could not have occurred in the way [Kimbrough] described it." Appellant's Brief at 16. According to Appellant, "[h]ad trial counsel hired an expert, the expert would have been able to substantiate [his] claim of self defense." **Id.**

In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

*Commonwealth v. Hall*, 867 A.2d 619, 629 (Pa. Super. 2005) (citation omitted).

The PCRA court explained its reasons for rejecting this ineffectiveness claim as follows:

> [Appellant] claims that trial counsel was ineffective for failing to secure expert witnesses to bolster his self-defense claim. When a defendant claims that expert testimony should have been introduced at trial, the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence. *Commonwealth v. Whitney*, 550 Pa. 618, 708 A.2d 471, 477 (1998); *Commonwealth v. Williams*, 537 Pa. 1, 640 A.2d 1251, 1265 (Pa. 1994). [Appellant] failed to provide this Court with the names of any proposed expert witnesses or an offer of proof as to what an expert witness would have stated at trial. As a result, [Appellant's] claim fails.

PCRA Court Opinion, 7/16/14, at 9-10.

Once again, our review of the record supports the PCRA court's conclusion. Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. *See generally*, *Commonwealth v. Pettus*, 424 A.2d 1332 (Pa. 1981). Here, the PCRA court correctly concluded that Appellant failed to establish any of the *Hall* factors. Thus, the PCRA properly dismissed Appellant's speculative claim without first holding an evidentiary hearing.

As noted above, the PCRA court did hold an evidentiary hearing regarding Appellant's claim regarding trial counsel's failure to investigate and/or call witnesses in his defense at the waiver trial. Because Appellant

only identified Mr. Savage as a potential defense witness, Appellant's claim regarding any other potential witnesses fails. *See Pettus*, *supra*; *Hall*, *supra*. Nevertheless, the PCRA court explained:

[At the PCRA hearing, this] court had ample opportunity to consider the demeanor of each witness and assess the credibility of their testimony.

The court found [trial counsel's] testimony on this issue credible. [He] testified about his experience as a criminal defense attorney. [Trial counsel] testified that it is his general practice to investigate, interview and present potential witnesses if they possess information helpful to the defense. Although he did not recall any specific conversations with [Appellant] about potential defense witnesses, [trial counsel] was certain that he did not call any defense witnesses either because [Appellant] did not provide him with the names of witnesses or, if the names were provided, the proposed testimony of those witnesses would not have supported [Appellant's] self-defense claim.

The court, as it did at trial, found [Appellant's] testimony completely self-serving and unworthy of belief. [Appellant's] version of events was contradicted by [Kimbrough] and [a] police officer at trial. At the evidentiary hearing, [Appellant] reiterated that same version of events. He claimed that he acted in self-defense, that he was gravely wounded and that he was "in and out of consciousness" when the police arrived. These claims were not believable. Nor was his claim that he had provided defense counsel with the names of eyewitnesses who would have supported his self-defense claim.

***

Finally, the court found the testimony of [Appellant's] mother neither persuasive nor credible. Although [she] testified that her son had mentioned names of several witnesses to [trial counsel] sometime after [Appellant's] arrest, she did not provide the court with any details about those alleged conversations. Trial counsel had no recollection of any such conversation. This conflict in testimony, [Appellant's mother's] failure to come forward

- 10 -

earlier with this "information" and her understandable but obvious bias make her an unreliable witness.

PCRA Court Opinion, 7/16/14, at 10-12.

This Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first hand." **Commonwealth v Todd**, 820 A.2d 707, 712 (Pa. Super. 2003). Given this deference, our review of the record supports the PCRA court's conclusions. As a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. **See Commonwealth v. Harmon**, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

The PCRA court also found Mr. Savage's testimony unworthy of belief, and explained:

> With regard to Mr. Savage, the court found his testimony incredible and inconsistent with the evidence presented at both [Appellant's] trial and/or evidentiary hearing. Savage testified at the PCRA hearing that he saw [Kimbrough] and [Appellant] in a heated argument, after which [Kimbrough] stabbed [Appellant]. [Appellant], on the other hand, testified at trial that there was no argument, and that the stabbing was unprovoked. Savage assisted [Appellant] to his car, and then went back to his vending stand. He made it very clear that he lost sight of [Appellant] for several minutes as he tended to customers. When he next saw [Appellant], [Appellant] was lying on a sewer grate. [Kimbrough] was standing over [Appellant] and cut him with the sickle. Savage did not know how the sickle was introduced into the altercation. We know from [Appellant's] trial testimony that the sickle belonged to him. Savage didn't see [Appellant] on top of

- 11 -

[Kimbrough's] car, trying to break his windshield. Yet [Appellant] admitted that he attacked [Kimbrough's] car after he was injured. To the extent that Savage's testimony would have supported [Appellant's] self-defense claim, its inherent conflict with other credible evidence and its conflict with some of [Appellant's] own testimony, would have prevented it from affecting the verdict.

PCRA Court Opinion, 7/16/14, at 11-12. Because the PCRA court's credibility determinations regarding Mr. Savage are supported by our review of his PCRA hearing testimony, this ineffectiveness claim also fails. **Harmon**, **supra**.

In sum, our review of the record supports the trial court's conclusions that all of Appellant's ineffectiveness claims are meritless. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2015