J-S48042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH BECKHAM, | : | |
| | : | |
| Appellant | : | No. 3243 EDA 2018 |

Appeal from the PCRA Order Entered October 4, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003508-2015

BEFORE:   BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 06, 2019**

Keith Beckham (Appellant) appeals from the order entered October 4, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

On October 31, 2016, Appellant entered into a negotiated guilty plea to third-degree murder and possessing an instrument of crime (PIC),[1] and he

---

[1] The PCRA court set forth the factual basis for the plea based upon the Commonwealth's proffer at the guilty-plea hearing.

> At approximately 12:45 a.m. on March 14, 2015, in the area of 53rd and Market Streets in Philadelphia, David McMillan, the decedent, got into a verbal altercation with [Appellant].  During the altercation, [Appellant] took out a four inch pocket knife and stabbed McMillan six times, including one in the neck.  McMillan was pronounced dead at 1:36 a.m. at Presbyterian Medical Center.  The cause of death was his stab wounds.

* Retired Senior Judge assigned to the Superior Court.

was sentenced to an aggregate sentence of 22½ to 45 years of incarceration. Relevant to this appeal, the guilty plea/sentencing transcript reveals the following discussion of Appellant's post-sentence and appellate rights.

After explaining to Appellant that he would be waiving most of his appellate rights by pleading guilty, the trial court informed Appellant that "[he] shouldn't count on getting any help at all from a higher court." N.T., 10/31/2016, at 8. Appellant responded that he understood. *Id*. After the trial court accepted the guilty plea and sentenced Appellant in accordance with the plea, the trial court specifically informed Appellant that he had 30 days to appeal his sentence and 10 days to file a post-sentence motion. *Id*. at 21-22. The trial court told Appellant that if he believed he entered the plea involuntarily or that his sentence was excessive, he had 10 days to raise those claims or they would be waived. *Id*. at 22. The trial court then asked Appellant if he had "any desire to file an appeal or a post-sentence motion." *Id*. at 22. Appellant responded, "No." *Id*. The trial court told Appellant that if he

_____

Detectives recovered surveillance video of [Appellant] stabbing McMillan and later recovered [Appellant's] knife in a trash can half a block away from the crime scene. DNA analysis showed [that] both [Appellant's] and McMillan's DNA was present on the knife. Detectives also recovered a bloodstained shirt from [Appellant], and analysis showed the blood belonged to McMillan.

PCRA Court Opinion, 1/22/2019, at 2-3 (footnotes and citations omitted).

changed his mind, he had to let trial counsel "know within the next ten days."

*Id*.

After sentencing, Appellant did not file either a post-sentence motion or direct appeal. On October 17, 2017, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed, and an amended petition was filed. Appellant claimed, *inter alia*, that trial counsel was ineffective for failing to file a post-sentence motion to withdraw Appellant's guilty plea and a direct appeal, despite Appellant's request for trial counsel to do so. An evidentiary hearing was held, where both Appellant and trial counsel testified.[2]

According to Appellant, after his sentence was imposed, Appellant told trial counsel that he "wanted [trial counsel] to appeal the guilty plea and try to fight for a better negotiated plea." N.T., 10/4/2018, at 8. Appellant testified that the conversation occurred right after sentencing in the "booth," and that trial counsel did not respond to this request. *Id*. at 8-9. Appellant testified that he never heard from trial counsel again. *Id*. at 9. According to Appellant, he did not contact trial counsel again because he "didn't know [he] had to file an appeal within ten days." *Id*. at 12.

Trial counsel also testified at the hearing. According to trial counsel, he remembered Appellant's case because Appellant himself brought up the idea of a plea deal while trial counsel was preparing a self-defense defense. *Id*. at

---

[2] The Honorable Glenn B. Bronson presided at both the guilty plea/sentencing hearing and the PCRA proceedings.

18. Specifically, the two "were going through the preparation of [Appellant's] direct testimony," and Appellant said, "I want the deal." *Id*. Trial counsel testified that he felt this was unusual "because normally the defense attorney has to do some convincing or some talking." *Id*. Trial counsel testified that the initial offer from the Commonwealth was 25 to 50 years of incarceration, and he negotiated the sentence down to 22½ to 45 years of incarceration. *Id*. at 19. Trial counsel indicated that he did not "recall going to a booth and speaking with" Appellant after the plea/sentencing hearing. *Id*. at 20. Trial counsel does not remember Appellant requesting an appeal. *Id*. at 23.

At the close of the hearing, the PCRA court denied Appellant PCRA relief. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant contends that trial counsel was ineffective because Appellant requested that trial counsel file a motion to withdraw and appeal from his sentence and trial counsel failed to do so. *See* Appellant's Brief at 8.

We review this issue mindful of the following.

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations and quotation marks omitted). "The scope of review is limited to the

findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012). Moreover, "[i]t is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

Appellant's claims are based upon the alleged ineffective assistance of his counsel. With respect to such claims generally,

> [i]t is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

Regarding an ineffectiveness claim based on counsel's failure to file a direct appeal, we observe that "Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right." ***Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999). "It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is

automatically entitled to reinstatement of his direct appeal rights." *Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011). "[I]n such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." *Lantzy*, 736 A.2d at 572. "However, before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request." *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999). "Mere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." *Id*.

Here, the PCRA court concluded that Appellant failed to prove that he requested trial counsel file a post-sentence motion or direct appeal. The PCRA court explained its reasoning as follows.

1. The testimony of [Appellant] was incredible, and he failed to show by a preponderance of the evidence that he asked counsel to move to withdraw his guilty plea or that he asked counsel to file an appeal. While [Appellant] claimed that the [trial court] never informed him that he had ten days to withdraw his guilty plea, the record shows that during the plea colloquy, the [trial court] told [Appellant] four times that he had ten days to withdraw his guilty plea. In addition, the [trial court] rejected as incredible [Appellant's] testimony that he told [trial counsel] he wanted to file an appeal minutes after telling the [trial court] during his guilty plea colloquy that he did not want to file an appeal or any post-sentence motions. Accordingly, the [trial court] found that [Appellant] never asked [trial counsel] to withdraw or appeal his guilty plea at any time.

2. The testimony of [trial counsel] was credible and established that if [Appellant] had asked him to withdraw or appeal his guilty plea, either orally or in writing, then [trial counsel] would have responded to [Appellant's] request in an appropriate fashion.

3. Accordingly, the record establishes that [trial counsel] was not ineffective for failing to file a motion to withdraw or a direct appeal of [Appellant's] guilty plea because [Appellant] never requested that he do so. As a result, [Appellant's] claim in his PCRA petition that trial counsel was ineffective is meritless.

PCRA Court Opinion, 1/22/2019, at 5-6 (citation omitted).

On appeal, Appellant sets forth numerous arguments in support of his contention that trial counsel was ineffective for failing to file a post-sentence motion or direct appeal. However, central to all of his points is the trial court's credibility determination. It is Appellant's position that because Appellant had a "fairly clear recollection of what occurred," and testified at the PCRA hearing that he requested trial counsel file a direct appeal, the PCRA court should have credited Appellant's testimony rather than the testimony of trial counsel. Appellant's Brief at 9. Appellant suggests that although trial counsel "is a very good lawyer," he "has many clients and many things to take care of during a day or a week," so "it makes common sense … to conclude that [Appellant]" would be more likely to remember clearly what occurred immediately after the plea/sentencing hearing. *Id*. at 9-10.

As discussed *supra*, this Court may not disturb a credibility determination of the PCRA court so long as it is supported by the record. **See Miller**, 102 A.3d at 992. Here, the PCRA court found it incredible that

Appellant specifically told the trial court that he did not wish to appeal and then, as he testified as the PCRA hearing, almost immediately thereafter told trial counsel that he wished to appeal. The PCRA court's conclusion is further supported by the fact that Appellant testified at the PCRA hearing that he was not aware he had 10 days to file a post-sentence motion, when the plea/sentencing transcript reveals Appellant was specifically informed several times of that requirement. Moreover, our review of the testimony supports the PCRA court's conclusion that trial counsel's testimony was credible. Trial counsel offered specific recollections from Appellant's case. Thus, we conclude that the PCRA court's findings are supported by the record, and we discern no basis to disturb the PCRA court's credibility determinations.

Having concluded that the PCRA court's credibility determinations are supported by the record, we hold that the PCRA court did not err in concluding that Appellant did not satisfy his burden in establishing that he requested trial counsel to file either a post-sentence motion or a direct appeal, and that trial counsel disregarded that request. **See Harmon**, 738 A.2d at 1025 (holding that where the PCRA court concluded the testimony of trial counsel was credible, and that testimony was supported by the record, this Court would not disturb the credibility finding). Thus, we conclude trial counsel was not ineffective, and we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/19