**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Ronald HARMON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1999.
Filed Sept. 17, 1999.

Jonathan J. James, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ORIE MELVIN, SCHILLER and LALLY–GREEN, JJ.

SCHILLER, J.:

¶ 1 Appellant, Ronald Harmon, appeals from the order entered on April 11, 1997 in the Court of Common Pleas of Philadelphia County, denying his petition for post-conviction collateral relief. We affirm.

FACTS:

¶ 2 On April 17, 1992, Appellant and two accomplices robbed five different victims at gunpoint, taking cash and personal items. All of the robberies took place within a period of one and one-half hours. During the robberies, Appellant threatened to kill two of the victims, firing shots in the air and stating that they had three seconds to flee.

¶ 3 On May 6, 1993, following a jury trial, Appellant was convicted of five (5) counts of robbery,[1] three (3) counts of criminal conspiracy,[2] and three (3) counts of carrying firearms on public streets or public property.[3] On November 23, 1993, Appellant was sentenced to five (5) concurrent terms of not less than five (5) years nor more than ten (10) years of imprisonment for robbery. Appellant was further sentenced to three (3) concurrent terms of not less than five (5) years nor more than ten (10) years of imprisonment for criminal conspiracy. Additionally, Appellant was sentenced to three (3) concurrent terms of not less than two and one-half (2½) years nor more than five (5) years of imprisonment for carrying firearms on public streets or public property, to run consecutively to the sentences for robbery. In the aggregate, Appellant was sentenced to not less than seven and one-half (7½) years nor more than fifteen (15) years of imprisonment.

¶ 4 On March 15, 1994, the sentence was vacated and a hearing was held on Appellant's Petition for Reconsideration of Sentence. Thereafter, the trial court denied the petition and the original sentence was reinstated. No direct appeal was filed.

¶ 5 On May 23, 1995, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* Counsel was subsequently appointed, and an amended petition was filed on August 2, 1996. Evidentiary hearings where held on April 4, 7, and 11, 1997. During the latter, the PCRA court denied the petition. Appellant now appeals.

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

3. 18 Pa.C.S. § 6108.

4. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

5. We note that the Pennsylvania Supreme Court recently held in *Commonwealth v. Lant-*

DISCUSSION:

■ ¶ 6 Appellant presents one issue for our review:

Did the PCRA Court err in denying the Defendant a *nunc pro tunc* appeal?

Appellant's Brief, at 4. Our standard of review of a post-conviction court's grant or denial of relief is limited to whether the lower court's determination is supported by the evidence of record and whether it is free of legal error. *Commonwealth v. Walker*, 721 A.2d 380 (Pa.Super.1998).

¶ 7 Appellant argues that the PCRA court erred by denying him a *nunc pro tunc* appeal. Appellant states that both trial counsel and post-trial counsel were ineffective for failing to pursue a direct appeal. Appellant further states that he specifically requested that counsel file a direct appeal, both orally and through written correspondence. Appellant cites two issues that were not raised on direct appeal—a motion to suppress his police statement and an alleged *Brady* violation.[4]

■ ¶ 8 The right of a criminal defendant to appeal is guaranteed in the Pennsylvania Constitution, Article V § 9. However, before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request. *Commonwealth v. Lehr*, 400 Pa.Super. 514, 583 A.2d 1234, 1235 (1990). Mere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel. *Commonwealth v. Collins*, 546 Pa. 616, 622, 687 A.2d 1112, 1115 (1996); *Commonwealth v. Fanase*, 446 Pa.Super. 654, 667 A.2d 1166, 1169 (1995).[5]

*zy*, 736 A.2d 564, 1999 Pa. Lexis 1902 (Pa. 1999), that a petitioner alleging defense counsel's ineffectiveness for failing to file a direct appeal, where that appeal was clearly requested, is entitled to relief under the PCRA without first proving his innocence, because counsel's inaction constitutes prejudice *per se* for the purposes of Section 9543(a)(2)(ii) of the Act. However, *Lantzy* did not obviate the requirement that the petitioner first prove

¶ 9 We find that Appellant has failed to meet his burden. In this case, there was a PCRA hearing during which testimony was heard. The PCRA Court weighed Appellant's testimony against that of trial counsel and post-trial counsel, both of whom stated that Appellant never requested that they file an appeal. The PCRA Court concluded that counsel's testimony was more believable than Appellant's, stating "[t]his Court found the testimony of counsel . . . credible and that of Petitioner incredible and therefore denied the petition requesting *nunc pro tunc* appellate rights on the record." Trial Court Opinion, 6/16/1998, at 2–3. The PCRA Court's determination of credibility is supported by the record, and therefore we will not disturb it on appeal. *See Commonwealth v. Beasley*, 544 Pa. 554, 565, 678 A.2d 773, 778 (1996), *cert. denied*, 520 U.S. 1121, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997). Therefore, counsel was not ineffective for failing to file a direct appeal.

¶ 10 We note that Appellant argues a second issue in his brief:

> The Defendant is entitled to two levels of relief. He should be granted the right to a *nunc pro tunc* appeal on the suppression and *Brady* issues. This matter should be remanded to the PCRA Court for a full evidentiary hearing on the allegations of ineffectiveness related to the blood test, the grandmother's testimony and the prison clothes.

Appellant's brief, at 14. Based on our resolution of the previous issue, however, we find that the remainder of Appellant's arguments concerning the ineffectiveness of trial counsel have been waived. In order to be eligible for relief under the PCRA, a petitioner must plead and prove that "[t]he allegation of error has not been

waived." 42 Pa.C.S. § 9543. The statute provides that an issue is waived "[i]f the petitioner failed to raise it and if it could have been raised before the trial, at the trial, [or] on appeal." 42 Pa.C.S. § 9544(b). As this Court stated:

> Ordinarily, absent extraordinary circumstances, the failure to file a direct appeal from a judgment of sentence amounts to waiver of any claim which could have been raised in such an appeal, thereby precluding collateral relief.

*Commonwealth v. Lehr, supra* 583 A.2d at 1235. Therefore, we find that Appellant has waived any remaining issues.

¶ 11 Moreover, the only issue Appellant raises in his Statement of the Question Involved is whether the PCRA Court erred in denying his *nunc pro tunc* appeal. Appellant's Brief, at 4. As the Commonwealth notes in its brief, under the Pennsylvania Rules of Appellate Procedure, Appellant may not argue an issue not presented in his statement of the questions involved. Pa.R.App. 2116(a).

CONCLUSION:

¶ 12 For the foregoing reasons, we affirm the order entered April 11, 1997 in the Court of Common Pleas of Philadelphia County, denying Appellant's request for post-conviction collateral relief.

---

that he requested an appeal before he is entitled to relief. *See Commonwealth v. Collins*, 546 Pa. 616, 622, 687 A.2d 1112, 1115 (1996); *Commonwealth v. Fanase*, 446 Pa.Super. 654, 667 A.2d 1166, 1169 (1995); *Commonwealth v. Lehr*, 400 Pa.Super. 514, 583 A.2d 1234, 1235 (1990). We further note the recent opinion authored by our colleague Judge

Joyce in *Commonwealth v. Daniels*, 1999 PA Super 215, 737 A.2d 303 (Pa.Super.1999), in which this Court remanded for an evidentiary hearing pursuant to *Lantzy, supra*, to determine whether the appellant requested that counsel file a direct appeal. As an evidentiary hearing was previously conducted in this case, we find no cause for remand.