J-S10041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHRISTOPHER DINAN, a/k/a CHRISTOPHER WILSON | : | No. 3461 EDA 2015 |
| Appellant | | |

Appeal from the PCRA Order October 26, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005376-2011

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 31, 2018**

Appellant Christopher Dinan, also known as Christopher Wilson, appeals from the order denying his first timely petition under the Post Conviction Relief Act (PCRA),[1] following his guilty plea to burglary,[2] simple assault,[3] and possessing an instrument of crime (PIC).[4]  Wilson asserts that his trial counsel was ineffective for providing him with incorrect information regarding a plea offer and for failing to file a direct appeal to this Court.  We affirm.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3502(a).

[3] 18 Pa.C.S. § 2701(a).

[4] 18 Pa.C.S. § 907(a).

The relevant facts of this matter include the following:

On April 26, 2011[, at] approximately 1:55 in the morning[,] the complainant [(Victim)] was [in] his residence at 4848 Roosevelt Boulevard here in the City and County of Philadelphia. That is a row home which is converted into three apartments, one unit per floor. He was the second floor tenant. He woke up to go to the bathroom and heard clanging noises coming from the pipes through his radiator.

He went down to the basement to investigate, at which point he saw [Appellant] come out from behind an alcove in the basement with copper piping in his hands[,] and water was leaking on to the floor from these pipes in the back area of the basement.

When [Victim] confronted the [Appellant], [Appellant] attempted to run out of the basement. When [Victim] tried to stop him, a physical altercation ensued between the two of them in which [Appellant] pulled out a knife and said he was going to stab [Victim]. No physical contact was made with that knife. [Victim] was able to wrestle [Appellant] to the ground and get the knife out of his hand.

There was damage to the property from the pipes being cut. . . . The officers [who arrived on the scene] recovered wire cutters off of [Appellant] as well as the knife. And [Victim] identified the knife as the knife that [Appellant] had pulled on him.

N.T. Guilty Plea, 8/28/12, at 48-50.

Based upon the foregoing facts, Appellant was charged with burglary, simple assault, and PIC, among other charges. On August 28, 2012, Appellant entered a guilty plea and was sentenced to seven to fourteen years of incarceration. Immediately prior to Appellant's guilty plea, Appellant's counsel, the Defender Association of Philadelphia (Association), attempted to withdraw from the matter based upon the Association's alleged ineffectiveness.

Over the course of this case, Appellant had at least four different trial attorneys from the Association. *See* N.T. PCRA Hr'g, 10/26/15, at 24. Glen Gilman, Esquire, of the Association, represented Appellant during a pretrial conference held on June 28, 2011. *Id.* at 11. The Commonwealth initially made a plea bargain offer of a sentence of five to ten years of incarceration, which the docket reveals was rejected in the June 28, 2011 docket entry. *See* Docket. Attorney Gilman testified that he advised Appellant to not take the offer because Attorney Gilman incorrectly believed Appellant would not be subjected to a "second strike" sentence[5] for the burglary charge. *See* N.T. PCRA Hr'g, 10/26/15, at 38-39. Because of his prior convictions in Delaware County, if convicted of burglary, Appellant would have been subject to a second strike sentence. Attorney Gilman, however, was unaware of the Delaware County convictions because they were under Appellant's given name, Christopher Dinan. *See id.* at 35.

According to testimony at the PCRA hearing, Appellant was re-offered the five-to-ten-year sentence sometime between 2011 and 2012,[6] except this time Appellant was aware that he would be subject to a second strike sentence

---

[5] Pursuant to 42 Pa.C.S. § 9714, a second conviction for a "crime of violence" results in a sentence of at least ten to twenty years of incarceration.

[6] The record is unclear on when the Commonwealth re-offered the five-to-ten-year sentence.

if convicted of burglary.[7] *See id.* at 46. Appellant countered by requesting a further-reduced four-to-eight-year sentence but that "if they don't come down on that then [he] would [accept] the 5-to-10." *Id.* at 46-47. A plea deal, however, was not reached between the Commonwealth and Appellant.

Although a series of several attorneys from the Association represented Appellant, none were in contact with Appellant until Lyandra Retacco, Esquire, of the Association, contacted Appellant in August of 2012 in advance of a hearing on August 28, 2012. *Id.* at 13-14. Attorney Retacco attempted to have the Commonwealth re-offer the five-to-ten-year sentence to Appellant, but the Commonwealth instead offered a seven-to-fourteen year sentence of incarceration. *Id.* at 20.

Based upon the lack of contact with Appellant and the incorrect advice regarding whether Appellant would be subject to a second strike sentence, Attorney Retacco requested that the Association be removed as counsel for Appellant at the August 28, 2012 hearing. *Id.* at 14. The court denied this request. *Id.* at 15. At the same hearing, the court also denied Appellant's Rule motion to dismiss under Pa.R.Crim.P. 600(G). *Id.* at 12. Appellant

---

[7] Although the notes of testimony lack clarity on this point, the parties agree that Appellant was offered the five-to-ten-year sentence a second time with knowledge that he faced exposure to a second strike sentence. *See* Appellant's Brief at 11; Commonwealth's Brief at 3. Moreover, the notes of testimony reveal that the PCRA court clarified that after Attorney Gilman ceased representing Appellant, the next attorney to represent Appellant relayed the offer to Appellant a second time. *See* N.T. PCRA Hr'g, 10/26/15, at 46.

proceeded to accept the seven-to-fourteen-year sentence offer and entered a guilty plea in exchange. No direct appeal was filed.

On September 26, 2013, Appellant filed a *pro se* PCRA petition. Thereafter, Elayne C. Bryn, Esquire, was appointed to represent Appellant. On February 24, 2015, Attorney Bryn file an amended PCRA petition on Appellant's behalf. On June 10, 2015, the Honorable Michael Erdos recused himself from hearing anything related to the PCRA petitions, and the matter was reassigned.

Following a hearing held on September 14, 2015, and October 26, 2015, the PCRA court denied Appellant's amended PCRA petition as untimely and without merit. *See* Order, 10/30/15. Appellant filed a timely notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the PCRA court complied with Pa.R.A.P. 1925(a).

Appellant raises the following question for our review: "Did the PCRA [c]ourt err in dismissing [A]ppellant's PCRA [p]etition as untimely and lacking merit and determining that [A]ppellant's trial counsel was not effective in giving [A]ppellant materially incorrect advice regarding a plea offer and failing to file a direct appeal to the Superior Court?" Appellant's Brief at 4.

As an initial matter, we note that Appellant's *pro se* PCRA petition was timely filed. Appellant entered his plea and was sentenced on August 28, 2012. Because a direct appeal was not filed, his sentence became final for purposes of the PCRA when the time to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3). Thus, Appellant's sentence became final on September

- 5 -

27, 2012. *See* Pa.R.A.P. 903(a) (indicating that an appeal shall be filed within thirty days of the entry of the order from which the appeal is taken). Appellant had one year from the date his sentence became final to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant had until September 27, 2013, to do so, and his filing on September 26, 2013, was timely.

In his question presented, Appellant raises the ineffectiveness of trial counsel regarding two matters, asserting that trial counsel incorrectly advised him that he would not be subject to a second strike sentence if convicted of burglary and that trial counsel should have filed a direct appeal on Appellant's behalf.

The applicable standards of review regarding the denial of a PCRA petition and ineffectiveness claims are as follows:

> We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> . . .
>
> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

- 6 -

Appellant first argues that trial counsel was ineffective for advising him that he was not exposed to a second strike sentence if convicted of burglary in this matter. Appellant asserts that

> [t]rial counsel misinformed [A]ppellant when advising [A]ppellant that he was not exposed to a mandatory minimum of 10 years to 20 years [of incarceration] on one of the charges. As a result, [A]ppellant was advised not to accept a plea deal of 5 years to 10 years [of incarceration]. Accordingly, this ineffectiveness caused [A]ppellant to miss out on a much more favorable plea offer [compared to the] 7 years to 14 years of incarceration [Appellant received].

Appellant's Brief at 10.

The record reveals that although Appellant was initially informed that he was not potentially exposed to a second strike sentence, when he was reoffered the five-to-ten-year sentence, he was informed that he would be subject to a second strike sentence if convicted. Despite being warned that a second strike sentence would apply to Appellant if he were convicted of burglary, Appellant nevertheless made a counter-offer of a sentence of four to eight years of incarceration.

As the PCRA court noted, "[Appellant] had full knowledge of the offer and rejected it for his personal reasons independent of any advice given." PCRA Ct. Op., 4/21/17, at 15. Further, "[Appellant] never explained why he rejected [the] same offer of 5 years to 10 years [of incarceration] a second time after he received knowledge of the Commonwealth's intention to proceed with the "[s]econd [s]trike" mandatory sentence." *Id.* at 16. Accordingly, since Appellant rejected the five-to-ten-year offer even with knowledge of his

exposure to a second strike sentence, he established no prejudice based upon the fact that he was originally misinformed regarding a second strike sentence. Thus, absent prejudice to Appellant, counsel cannot be considered ineffective. *See Franklin*, 990 A.2d at 797.

Appellant also argues that trial counsel was ineffective for failing to file a direct appeal on his behalf. Appellant's entire argument on this issue is limited to the following:

> After pleading guilty and being sentenced to the less favorable 7 years to 14 years of incarceration, [A]ppellant was left with the impression by yet different counsel [from the Association], that his appellate rights would be preserved. Appellant contends that he conveyed to counsel from the [Association], that he directed that his direct appellate rights be preserved. Appellant's rights were not preserved.

Appellant's Brief at 12.

Where counsel has "an unjustified failure to file a requested direct appeal," effective assistance of counsel has been denied. *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999).

> However, before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [an a]ppellant must prove that he requested an appeal and that counsel disregarded this request. Mere allegation will not suffice; the burden is on [the a]ppellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel.

*Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999) (citations omitted).

Appellant here asserts that he requested a direct appeal to be filed following his guilty plea. However, at the PCRA hearing in this matter,

Attorney Retacco testified that she advised Appellant of his direct appeal rights on the record and that he did not thereafter request a direct appeal to be filed. N.T. PCRA Hr'g, 10/26/15, at 18-19. Attorney Retacco also provided Appellant with information regarding his PCRA rights and paperwork for filing a *pro se* PCRA petition. *Id.* at 18.

Attorney Retacco testified to the following:

Q. To the best of your recollection, did you have any contact with [Appellant] by letter or telephone concerning his reconsideration or a direct appeal?

A. To my recollection [Appellant] did not ask for reconsideration or an appeal at any point within the ten or thirty days afterward. He did, after the thirty days, write me a letter asking me to clarify the PCRA issue and I again wrote to him and I again sent him the PCRA paperwork. That was within the year from the point of the plea, but to my recollection that letter did not address the direct appeal issue.

Q. Based on your recollection did [Appellant] at any time affirmatively tell you that he did not want to file a direct appeal and proceed directly to PCRA?

A. I don't recall if [Appellant] said that particular thing. Certainly that was the context of our conversations and that was the substance of our conversations from that point on.

*Id.* at 19-20. Based on this testimony, which the PCRA court found to be credible, it is apparent that Appellant did not request a direct appeal to be filed. Accordingly, counsel cannot be held ineffective for failing to file such an appeal. *See Lantzy*, 736 A.2d at 572; *Harmon*, 738 A.2d at 1024. For these reasons, the PCRA court did not err.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/18