J-S42024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDWARD JAROL MARTINEZ :
:
Appellant : No. 239 MDA 2018

Appeal from the PCRA Order January 22, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000292-2016

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 30, 2018**

Edward Jarol Martinez appeals from the January 22, 2018 order denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Martinez claims his counsel was ineffective for failing to file an appeal. We affirm.

On September 15, 2016, a jury found Martinez guilty of aggravated assault and simple assault, and the trial court found Martinez guilty of the summary offense of harassment.[1] The trial court sentenced Martinez to 7 to 15 years' imprisonment on the aggravated assault conviction, and found the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

other convictions merged for sentencing purposes. Martinez filed a *pro se* post-sentence motion, which the trial court denied on February 1, 2017.[2]

On August 28, 2017, Martinez filed a *pro se* PCRA petition alleging he had asked his counsel to file an appeal, but his counsel failed to do so. The PCRA court appointed counsel, who filed an amended PCRA petition, alleging counsel was ineffective for failing to file an appeal. The PCRA court held an evidentiary hearing at which Martinez and trial counsel both testified.

Martinez testified that he had a conversation with his trial counsel after his conviction about an appeal and wrote his counsel a letter requesting that counsel file an appeal. N.T., 1/18/18, at 7-10. He also stated that after the sentencing hearing he sent a letter requesting that counsel file an appeal. *Id.* at 11. Martinez testified that he no longer had copies of the letters. *Id.* at 9, 11. On cross-examination, he agreed that he signed a post-sentence colloquy, and that he understood he had to file an appeal within 30 days. *Id.* at 15-16.

Trial counsel testified that if a defendant asks him to file an appeal, he does so. *Id.* at 20. He stated Martinez did not orally communicate his desire to file an appeal. *Id.* Further, he stated he reviewed the letters sent by Martinez after sentencing, and found no request for an appeal. *Id.* at 21.

---

[2] Because Martinez was represented by counsel, the trial court should not have entertained this *pro se* motion. **Commonwealth v. Jette**, 23 A.3d 1032, 1044 ("proper response to any pro se pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion"); **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007) (noting that, where defendant was represented by counsel "*pro se* post-sentence motion was a nullity, having no legal effect").

The PCRA court denied relief. The PCRA court credited the testimony of trial counsel, who stated that he had no recollection that Martinez verbally requested an appeal and that he reviewed all documents sent to him after the sentencing, none of which mentions an appeal. Order of Court, filed Jan. 22, 2018, at ¶ D. In addition, the PCRA court reviewed the letters Martinez sent to counsel prior to sentencing, and found no request for an appeal. *Id.* The PCRA court further noted that Martinez was informed of his appellate rights at sentencing, and knew he had to file an appeal within 30 days of the judgment of sentence. *Id.* at ¶ E. The court concluded that Martinez did not request that his trial counsel file an appeal and, therefore, found his ineffectiveness claim lacked merit. *Id.* at ¶ G.

Martinez filed a timely notice of appeal. On appeal, Martinez raises the following issue: "Whether [Martinez] was denied his constitutionally guaranteed right to effective representation when [Martinez] avers that prior counsel failed to file an appeal to the Superior Court of Pennsylvania on [Martinez's] behalf?" Martinez's Br. at 4.

Martinez argues that trial counsel knew he wanted to file an appeal, but failed to file one. *Id.* at 12. He alleges that trial counsel abandoned him through the appeal process; if counsel had informed him that he was not going to file an appeal, Martinez would have filed one *pro se* or through new counsel; and counsel's failure to file an appeal prejudiced him. *Id.* at 13-14.

When reviewing the dismissal of a PCRA petition, we examine the PCRA court's "findings of fact to determine whether they are supported by the

record, and . . . its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (quoting **Commonwealth v. Colavita**, 993 A.2d 874, 887 (Pa. 2010)).

To establish a claim that counsel was ineffective for failing to file a requested appeal, a petitioner must establish that the petitioner "requested an appeal and that counsel disregarded this request." **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa.Super. 1999). Failure to file an appeal when requested to do so is *per se* prejudicial for PCRA purposes. **Commonwealth v. Lanzy**, 736 A.2d 564, 572 (Pa. 1999).[3]

Here, the PCRA court found that Martinez did not ask trial counsel to file an appeal and, therefore, found that his ineffectiveness claim lacked merit. This finding is supported by the record, as trial counsel testified that Martinez did not verbally request an appeal and that the post-sentence written communications from Martinez did not request an appeal. Further, the court reviewed the pre-sentence written communications from Martinez to counsel, and found no request to file an appeal. Because Martinez did not ask his

---

[3] Martinez does not allege that counsel was ineffective for failing to consult with him about an appeal. **See Commonwealth v. Markowitz**, 32 A.3d 706, 714 (Pa.Super. 2011) (counsel will be found ineffective for failing to consult with defendant about appeal "where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal" (citing **Roe v. Flores–Ortega**, 528 U.S. 470 (2000))). A claim that counsel was ineffective for failing to consult with a defendant is different from a claim that counsel is ineffective for failing to file a requested appeal. **See Commonwealth v. Touw**, 781 A.2d 1250, 1253 (Pa.Super. 2001) (claim that counsel failed to consult with defendant about appeal "does not fit within the rule articulated by" **Lantzy**).

counsel to file an appeal, his counsel ineffectiveness claim for failing to file an appeal lacks merit. **See Markowitz**, 32 A.3d at 716 (concluding counsel could not be *per se* ineffective because appellant did not ask counsel to file appeal). The PCRA court did not err in denying the petition.

    Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/30/2018