J-S16019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN KNOX | : | |
| | : | |
| Appellant | : | No. 3027 EDA 2019 |

Appeal from the PCRA Order Entered September 24, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0008206-2017

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                   **FILED JULY 01, 2020**

Kevin Knox appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541-9546 ("PCRA"). He claims his trial counsel was ineffective for failing to file a direct appeal. We affirm.

In April 2018, Knox pled guilty to burglary and attempted theft by unlawful taking.[1] The trial court sentenced him to six to 20 years' incarceration. Knox filed a motion for reconsideration, which the trial court denied. Knox did not file a notice of appeal.

In April 2019, Knox filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition alleging trial counsel was ineffective for failing to file a direct appeal and for providing inaccurate sentencing information when advising Knox to plead guilty. The PCRA court

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(ii) and 901(a).

held a hearing, at which both trial counsel and Knox testified. At the hearing, Knox stated that the sole issue he wished to pursue on PCRA was whether counsel was ineffective because he told her to file a direct appeal and counsel failed to do so.

Counsel testified that she has been a defense attorney for three years, and had assisted clients in at least 100 guilty pleas prior to representing Knox. N.T., 9/23/19, at 8-9. Counsel stated that she advises all her clients on "their rights, their post sentence rights, [and] the time in which I'm required to file them." N.T., 9/23/19, at 9. Counsel discusses with her clients the likelihood of success of any claims, and discusses "whether or not they wish for [her] to pursue that on their behalf." *Id.* Counsel testified that she had such a conversation with Knox. *Id.* at 10. She stated that prior to entering his guilty plea, they reviewed the written colloquy; she read it to him and answered his questions. *Id.*

Counsel stated that after Knox entered the plea and the court imposed the sentence, she "knew that he was unhappy with the sentence so [she] met with him . . . . and discussed his options for appeal." *Id.* He indicated he wanted her to file a motion for reconsideration, which she did. *Id.* The court held a hearing on the reconsideration motion and denied it. Counsel testified that Knox was in the jury box during the hearing and that she "leaned down and asked him whether or not he wished for me to file an appeal on his behalf, as [they] had discussed the possibility." *Id.* at 10-11. He "did not give her an affirmative answer." *Id.* at 11. Rather, he "said he intended to file a PCRA

motion alleging [her] ineffective assistance." *Id.* She recalled that he "asked [her] not to take offense to it and [she] told him that no offense was taken." *Id.* She stated that Knox "was very clear that he did not wish for [her] to pursue further action." *Id.* She further stated that she "remember[ed] that distinctly . . . because [she] had not been PCRA'd before." *Id.* Counsel testified that she did have any communication with Knox after that day. *Id.* at 12.

Knox testified about his interaction with counsel at the hearing on the motion for reconsideration, after the court had denied the motion. He said that "[counsel] was at the table and I was in the jury box . . . , and I don't know what our miscommunication was but the only words I said to her was, [']Appeal it.[']" *Id.* at 16. When asked whether he knew if counsel heard him, he stated, "I mean—she may not have. I thought she said okay. We didn't have a whole conversation." *Id.* at 17. Knox agreed that the only discussion he had with counsel about filing the appeal was the exchange that occurred while he was in the jury box when he told her to "appeal it," and that he thought she responded in the affirmative. *Id.* at 19. He did not reach out after the hearing. *Id.* at 21.

The PCRA court credited counsel's testimony and denied the petition. Knox filed a timely notice of appeal. Knox raises the following issue: "Did the PCRA Court err in finding that [Knox] did not credibly prove that he requested his attorney to appeal his sentence?" Knox's Br. at 3.

We review an order dismissing a PCRA petition to determine whether the record supports the findings of fact and whether the PCRA court's legal

conclusions are free from error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citing **Commonwealth v. Colavita**, 993 A.2d 874, 887 (Pa. 2010)).

To establish a claim that counsel was ineffective for failing to file a requested appeal, a petitioner must establish that he or she "requested an appeal and that counsel disregarded that request." **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa.Super. 1999). Failure to file an appeal when requested to do so is *per se* prejudicial for PCRA purposes. **Commonwealth v. Lanzy**, 736 A.2d 564, 572 (Pa. 1999).

Here, the PCRA court found that trial counsel's testimony was credible and that Knox's testimony was not credible. The court stated that counsel "offered a clear and persuasive description of her customary practice in over one hundred guilty pleas she has handled," and "further testified about distinctly recalling the representation of Mr. Knox." Trial Court Opinion, filed Dec. 17, 2019, at 7 ("1925(a) Op."). The court noted that counsel "gave details concerning her conversations with [Knox], both before and after the guilty plea and sentencing, as well as both prior and subsequent to the reconsideration hearing." *Id.* The court noted that Knox told counsel he intended to file a PCRA petition and that counsel stated that "he was very clear that he did not wish for me to pursue any further action." *Id.*

Knox asks us to overturn the PCRA court's credibility findings, but we are not empowered to do so. Our standard of review only permits us to determine whether the record supports the PCRA court's factual findings, and

here, it does. Counsel testified that Knox told her that he was going to file a PCRA petition, and that he did not want her to pursue any further action. The question he presents in this appeal – whether the court erred in finding that Knox "did not credibly prove that he requested his attorney to appeal his sentence" – lacks merit.

Knox's appellate brief also contains argument that counsel was ineffective for failing to consult with him about an appeal. Knox's Br. at 12. This claim is different from the only claim he pursued at the PCRA hearing: that counsel was ineffective for failing to file a requested appeal. **See Commonwealth v. Touw**, 781 A.2d 1250, 1253 (Pa.Super. 2001) (distinguishing the two claims). To the extent Knox raises such a claim in his appellate brief, it is waived because Knox did not present it to the lower court. **See** N.T., 9/23/19, at 6 (stating the "sole issue" was "whether or not he told her [to file an appeal] and what she did with that information"). Knox further waived the claim by not presenting it in his Statement of Questions Involved. **See Krebs v. United Refining Co. of Pa.**, 893 A.2d 776, 797 (Pa.Super. 2006).

Furthermore, even if he had properly preserved the claim, we would conclude that it lacks merit. To establish counsel was ineffective for failing to consult with a defendant about an appeal, the petitioner must establish that a duty to consult arose "because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal" and counsel did not consult with the petitioner. **Commonwealth v.**

- 5 -

*Markowitz*, 32 A.3d 706, 714 (Pa.Super. 2011). Here, the trial court found as a fact that counsel consulted with Knox and Knox decided to pursue a PCRA petition rather than a direct appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/20