J-S38038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE LUIS ORTIZ-OCASIO | : | |
| | : | |
| Appellant | : | No. 1148 EDA 2022 |

Appeal from the PCRA Order Entered April 4, 2022,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s):  CP-48-CR-0001658-2019.

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:             **FILED JANUARY 25, 2023**

Jose Luis Ortiz-Ocasio  appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A.  §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On January 10, 2019, Ortiz-Ocasio crashed his vehicle into a parked car.  Police responded to the scene and determined that he was under the influence of PCP and incapable of safely operating his vehicle.  Additionally, at the time of his arrest, police recovered a PCP-laced cigarette in Ortiz-Ocasio's possession.

On March 3, 2020, a jury convicted Ortiz-Ocasio of possession of a controlled substance and driving under the influence—third offense.  That same day, the trial court found him guilty of the summary offense of careless driving.  On July 2, 2020, the trial court sentenced Ortiz-Ocasio to an

aggregate term of 18 to 36 months of incarceration, to be followed by four years of probation. Ortiz-Ocasio filed neither a post-sentence motion nor a direct appeal.

On September 16, 2020, Ortiz-Ocasio filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on April 22, 2021. An evidentiary hearing was held on October 25, 2021. Following the filing of briefs, the PCRA court denied Ortiz-Ocasio's petition on April 4, 2022. This appealed followed. Both Ortiz-Ocasio and the PCRA court complied with Pa.R.A.P. 1925.

Ortiz-Ocasio raises the following issue on appeal:

> Whether the [PCRA] court erred in failing to find that trial counsel was ineffective for failing to fire a requested direct appeal or for failing to consult with Ortiz-Ocasio regarding an appeal?

Ortiz-Ocasio's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Ortiz-Ocasio's issue asserts the ineffectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's

ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

Ortiz first asserts that counsel was ineffective for failing to file a direct appeal even though he asked counsel to do so. As this Court has recently summarized:

> Our Supreme Court has held that where "there is an unjustified failure to file a requested appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment and Article I, Section 9 of the Pennsylvania Constitution. ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564, 572 (Pa. 1999). Such an oversight constitutes prejudice and *per se* ineffectiveness under the PCRA. ***Id.*** However, "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct

appeal, [the petitioner] **must prove that he requested an appeal and that counsel disregarded this request.**" ***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa. Super. 2001)(emphasis added).

***Commonwealth v. Mojica***, 242 A.3d 949, 955 (Pa. Super. 2020).

Here, Ortiz-Ocasio and his witness, Ms. Campbell, and trial counsel presented conflicting testimony regarding Ortiz-Ocasio's ineffectiveness claim. The PCRA court summarized their testimony as follows:

> Here, there are genuine issues concerning [Ortiz-Ocasio's] request for an appeal. According to the testimony at the October 25, 2021 hearing, it is apparent that [Ortiz-Ocasio] requested an appeal as early as the disposition of the pretrial motions filed by Trial Counsel. At that time, Trial Counsel explained the procedure to [Ortiz-Ocasio] and informed him that an appeal would have to wait until after sentencing. Following conviction, [Ortiz-Ocasio] was sentenced four months later. During this ample period of time, [Ortiz -Ocasio] never requested an appeal. Trial [C]ounsel maintained that [Ortiz-Ocasio] never directly requested that he file an appeal after sentencing. In fact, [Ortiz-Ocasio] testified that he did not directly request an appeal after the court imposed the sentence. Trial Counsel further testified that he did speak with Ms. Campbell regarding the timing of the appeal process. However, after describing appellate procedure and the terms of [Ortiz-Ocasio's] sentence, Ms. Campbell informed Trial Counsel that [Ortiz-Ocasio] would not file an appeal. Ultimately, [Ortiz-Ocasio] failed to make his intention to request an appeal known to Trial Counsel. Accordingly, [Ortiz-Ocasio's] amended PCRA [petition] as it relates to Trial Counsel's failure to perfect an appeal is denied.

PCRA Court Opinion, 4/4/22, at 7-8 (citations omitted).

Our review of the PCRA hearing transcript supports the PCRA court's conclusion. As a matter of credibility, the PCRA court believed trial counsel's

version of the contested facts. We cannot disturb this determination. **See Commonwealth v. Harmon**, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). Thus, to the extent Ortiz-Ocasio asserts that trial counsel disregarded his request to file an appeal, his ineffectiveness claim fails.

In the second part of his issue, Ortiz-Ocasio claims that even if he did not prove trial counsel's failure to file a requested appeal, he is still entitled to relief because trial counsel failed to consult with him. **See Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa. Super. 2001) (citing **Roe v. Flores-Ortega**, 528 U.S. 470, 480 (2000)) (concluding that trial counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think that a rational defendant would want to appeal or when a particular defendant reasonably demonstrated to counsel that he was interested in appealing).

This Court has long held that an ineffectiveness claim based upon trial counsel's failure to consult with a defendant is distinct from an ineffectiveness claim based upon the failure to file a requested appeal and the two claims are subject to different prejudice standards—the former requires a defendant to prove prejudice while in the latter prejudice is presumed. **Touw**, 781 A.2d at 1253-54. Because this specific claim was not raised below or in Ortiz-Ocasio's

Rule 1925(b) statement of errors complained of on appeal, the PCRA court did not address it.

Because Ortiz-Ocasio is raising the claim for the first time on appeal, it is waived. *See* Pa.R.A.P. 302(a); ***Commonwealth v. Reid***, 259 A.3d 395, 413-14 (Pa. 2021) (explaining that when an appellant has not included an ineffective assistance of counsel claim in his PCRA petition or in his Rule 1925(b) statement, the appellate courts will find that claim waived on appeal).[1] Thus, we do not consider the merits of Ortiz-Ocasio's ineffectiveness claim that trial counsel failed to consult with him about filing an appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2023

---

[1] In pertinent part, Ortiz-Ocasio's Rule 1925(b) statement reads as follows: "The PCRA Court erred in failing to conclude that trial counsel was ineffective for failing to perfect an appeal despite Ortiz-Ocasio directing that such appeal be perfected." Concise Statement of Errors Complained Of On Appeal, 5/18/22, at 2 (unnumbered). ***Compare Commonwealth v. Parrish***, 273 A.3d 989, 1000-1001 n.9 (Pa. 2022) (holding that "[i]n consideration of the fact that an assertion of that counsel deficiently failed to file an appeal encompasses arguments regarding deficient consultation, and in light of the entirety of paragraph seventeen [of Parrish's Corrected 1925(B) Statement], Parrish has properly presented [the failure to consult] issue for review").