J-A09011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH POLKA | : | |
| | : | |
| Appellant | : | No. 1228 WDA 2024 |

Appeal from the PCRA Order Entered October 3, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000792-2018

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.:                   **FILED: JUNE 18, 2025**

Jeremiah Polka appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On August 26, 2018, around 4:00 a.m., Pennsylvania State Troopers Peter Schultz and Kalee Wietrzykowski were dispatched to an area near the intersection of Route 66 and Dime Road in Bethel Township, Armstrong County.  An individual called 911 and reported seeing [Polka] in his vehicle.  The vehicle had two tires on the roadway, the keys were in the ignition, and the motor [was] running.  After briefly making contact with the troopers, the caller left the scene.
>
> Trooper Schultz testified that [Polka] was seated in the driver's seat with his head slouched down towards his chest and was initially not responsive.  Trooper Schultz noted that he smelled a strong odor of alcohol.  After rousing [Polka] and getting him out of the vehicle, Trooper Schultz stated that he observed in

the center console, in plain view, two marijuana smoking devices and a small bag of suspected marijuana. Additionally, he found a cooler full of unopened beer in the backseat but testified that he did not observe any empty containers in or around the vehicle.

Additionally, Trooper Wietrzykowski testified that [Polka] was unable to walk appropriately, that he had red eyes, and that she smelled alcohol on his breath. [Polka] performed poorly on the subsequent field sobriety tests, further indicating that he was intoxicated and impaired. Both troopers testified that [Polka] made statements to them regarding [Polka] driving his vehicle to the scene. Trooper Wietrzykowski testified that [Polka] stated that he "at least pulled over."

[Polka] consented to a legal blood draw at Armstrong County Memorial Hospital. [Polka's] BAC level was 0.168% and he tested positive for methamphetamine and THC.

At trial, [Polka] testified that, prior to arriving at the scene, he had been drinking with a woman named Amanda at various bars and restaurants. He further testified that Amanda was the person who drove his vehicle to where it was located by the troopers and she left him at the scene. [Polka] did not mention this woman to either trooper at the scene.

PCRA Court Opinion, 11/8/24 at 1-2.

On July 10, 2019, a jury convicted Polka of DUI-highest rate of alcohol, and several other DUI counts. On September 24, 2019, the trial court imposed an aggregate sentence of two to five years of imprisonment. Although Polka filed a timely post-sentence motion, it was ultimately denied for failure to file a brief on December 30, 2019. Polka appealed, and raised two sufficiency challenges. On February 5, 2021, this Court affirmed Polka's judgment of sentence. *Commonwealth v. Polka*, 249 A.3d 1122 (Pa. Super. 2021) (non-precedential decision). Polka did not seek further review.

- 2 -

The PCRA court summarized the subsequent, protracted, procedural history as follows:

> [Polka's] original PCRA petition was filed on August 4, 2021. Since then, there were multiple withdrawn attorneys, newly-appointed attorneys, and amended petitions. [The PCRA court] ultimately denied the petition and the Superior Court remanded the matter back to the [PCRA] court for a new hearing with newly-appointed counsel.
>
> On June 12, 2024, [newly-appointed counsel] filed [Polka's] most recent amended petition and soon thereafter sought leave to withdraw. The [PCRA court] granted [counsel's] motion to withdraw . . . and subsequently appointed [current counsel]. [Current counsel] then filed a [supplemental PCRA petition]. On September 26, 2024, an evidentiary hearing was held based upon [Polka's] argument that he was denied effective assistance of counsel. [The PCRA court] heard testimony from [trial counsel, first PCRA counsel,] and [Polka].

Rule 1925(a) Opinion, 11/8/24, at 1-2.[1] By order entered October 3, 2024, the PCRA court denied Polka's petition. This appeal followed. Both Polka and the court have complied with Appellate Rule 1925,

Polka raises the following three issues on appeal:

> I.    Whether the [PCRA] court erred in finding trial counsel was not ineffective for failing to inform [Polka] of his plea offer and potential penalties associated with going to trial as opposed to accepting the plea?

---

[1] At the beginning of the hearing the PCRA court and the parties discussed whether, as of that date, Polka had served the maximum five-year sentence the court imposed in 2019. Polka volunteered, and the Commonwealth confirmed, that Polka was released on monetary bond pending his direct appeal, and therefore, did not start serving his sentence until March 2021. Thus, it appears that Polka is still eligible for post-conviction relief because his maximum sentence would not expire until sometime in 2026.

II. Whether the [PCRA] court erred in finding trial counsel was not ineffective for failing to interview and secure the attendance of various witnesses including the alleged driver of the vehicle, the 911 caller who allegedly saw [Polka] standing outside of his vehicle and not driving the vehicle at the time of the encounter, and Julie [McGaughy] and Heather Klimkowitz who were present at the bar where the parties had been drinking and saw that [Polka] was not the driver?

III. Whether the [PCRA] court erred in finding trial counsel was not ineffective for failing to appear at the hearing on post-sentence motions and failing to file a brief on the post-sentence motions and due to his failure to appear?

Polka's Brief at 7.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

All of Polka's issues challenge the effectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.*

The tripartite test we apply is well-settled, and each prong of the test has been explained as follows:

> The burden is on the [petitioner] to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel has no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted; formatting altered).

In his first ineffectiveness claim, Polka asserts that trial counsel, "through his own admission several times throughout the PCRA proceedings failed to advise Polka of the Commonwealth's plea offer" and "failed to inform him of the major risks he may be taking by going to trial[.]" Polka's Brief at 13.

"Generally, counsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer." *Commonwealth v. Marinez*, 777 A.2d 1121, 1124 (Pa. Super. 2001). Stated differently, counsel has a duty to explain to the defendant "the relative merits of the offer compared to the defendant's chances at trial." *Commonwealth v. Napper*, 385 A.2d 521, 524 (Pa. Super. 1978). "Failure to do so may be considered ineffective assistance of counsel if sentenced to a longer prison term than the term he would have accepted under the plea bargain." *Marinez*, 777 A.2d at 1124. Thus, a defendant seeking relief based on a claim that ineffective assistance of counsel caused him to reject a plea offer must show that:

> [B]ut for the ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super. 2015) (citing *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012)).

Here, current counsel does not provide citations to the evidentiary hearing at which trial counsel "admitted" he did not inform Polka of the plea offer. Nonetheless, our review of trial counsel's testimony regarding the plea offer reveals trial counsel did discuss the plea offer with Polka, but believed

Polka had a good chance of an acquittal if he went to trial. ***See*** N.T., 9/26/24, at 22, 29. For his part, Polka testified that he never saw a plea offer. ***See id.*** at 76.

In its Rule 1925(a) opinion, the PCRA court did not address credibility directly, but rather, referred to its opinion filed following Polka's first appeal and prior to remand in which it found Polka's claim that trial counsel "failed to discuss the potential penalties with going to trial" to be without merit. PCRA Court Opinion, 2/10/23, at 4. Thus, we can infer that, as a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. ***See Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

Moreover, Polka has not established that the trial court would have accepted the terms of the plea offer and recommended sentence. ***Steckley***, ***supra***. In fact, the testimony from trial counsel and first PCRA counsel suggested the opposite. Both attorneys testified that, in Armstrong County, the Commonwealth's plea offer is only a recommendation, and the trial court would impose a guideline sentence "regardless of what the plea offer had been[;] [Polka did not] have anything to lose by going to trial." ***See*** N.T. 9/26/24, at 26-27 (trial counsel); ***see also id.*** at 53 (first PCRA counsel explaining that Armstrong County judges "regularly reject sentencing

recommendations from the district attorney's office if they do not comport with the sentencing guidelines"). Polka did not present any evidence or testimony to contradict these statements. Thus, Polka cannot demonstrate prejudice, as it appears he would receive the same guideline sentence whether he pled guilty or went to trial. Polka's first ineffectiveness claim fails.

In his second issue, Polka contends that trial counsel was ineffective for failing to interview and secure witnesses for trial. This issue actually raises two separate claims because a distinction exists between failing to investigate a known witness and the failure to call that witness at trial. *See generally*, *Commonwealth v. Stewart*, 84 A.3d 701 (Pa. Super. 2013) (*en banc*).

We first note case law regarding these discrete claims. Regarding the failure to investigate, counsel has a duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. *Commonwealth v. Basemore*, 744 A.2d 717, 735 (Pa. 2000) (citation omitted). As this Court has summarized:

> The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a [PCRA] petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.

*Commonwealth v. Pander*, 100 A.3d 626, 638-39 (Pa. Super. 2014) (citation omitted).

To establish that trial counsel was ineffective for failing to call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of the existence of the witness or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations omitted).

We further note that, in order to be successful with either claim, Polka must establish prejudice. Here, the PCRA court concluded that Polka could not establish prejudice regarding any of the witnesses he mentioned at the 2024 evidentiary hearing. Once again, the court first referred to its prior opinion wherein the PCRA court stated the following regarding the alleged woman driver of the vehicle and the 911 caller:

> First, [Polka] asserts that [trial counsel] failed to call a witness who would have corroborated [his] self-serving trial testimony. Presumably, this is a woman that [Polka] claimed at trial drove him in his own car from the bar to the location where he was found passed out behind the wheel. At trial, [Polka] testified that he did not know the woman's name, but that someone later told him her name was Amanda. [Polka] does not know anything more about the woman today, other than that he believes her last name may have been Crissman and she is now dead. There are two reasons why this claim has no arguable merit. First, trial counsel cannot call a witness whose name and whereabouts was never provided to him by [Polka]. Second, Trooper Schultz testified at trial that [Polka] was found passed out behind the wheel, partially off the roadway, with the engine running. Under Pennsylvania law, that fact alone would make

[Polka] guilty of being in actual physical control of the movement of a motor vehicle, so that he could have been convicted even if a witness appeared and testified that she had driven him to that location.

[Polka] also claims that [trial counsel] was ineffective for failing to find out who the 911 caller was who reported the slumped over driver to the police. [Polka] has not proven that the Commonwealth knows who the 911 caller was, nor has he stated any reason why the identity of the driver could have been helpful to him at trial. The troopers testified that the caller departed immediately upon their arrival.

PCRA Court Opinion, 2/10/23, at 2-3.[2]

The PCRA court then addressed the two additional witnesses Polka identified at the 2024 evidentiary hearing:

[Polka] argues that trial counsel was ineffective for failing to interview and secure the attendance of two women who were present at the bar where [Polka] was drinking. This assertion lacks arguable merit with similar reasoning the [PCRA court] provided for the alleged driver, Amanda, in [the] February 10, 2023 Opinion. [Polka] did not provide the names of these women to trial counsel in order for him to secure them as witnesses. Additionally, even if these women were at the bar and could testify that [Polka] was not the driver, this would not change the fact that Trooper Schultz found [Polka] behind the wheel of the vehicle with the engine running. In other words, [Polka] was found in actual physical control of the movement of the motor vehicle regardless of whether he left the bar as a passenger instead of as a driver.

Rule 1925(a) Opinion, 11/8/24, at 4-5.

Our review of the record supports the PCRA court's conclusions. In short, Polka has failed to establish any of the **Sneed** factors to any one of the

---

[2] No testimony was presented at the prior PCRA hearing held on November 2, 2022.

witnesses he had identified. At the evidentiary hearing, trial counsel testified that Polka told him that he would bring Amanda to trial to testify; although Polka did not know her full name, Polka told counsel that he could "track her down." N.T., 9/26/24, at 14.

In arguing that the PCRA court erred, Polka asserts that, because "the PCRA hearing took place five years after the trial, it is believed that at least the driver of the vehicle is deceased and Heather Klimkowitz and Julie McGaughy may have married or changed their names so at the time of the PCRA hearing it was not possible to locate these witnesses." Polka's Brief at 18. Although these facts may have made locating these witnesses more difficult, this difficulty does not relieve Polka of his burden of proving the **Sneed** factors. Having failed to establish any of the **Sneed** factors, as to any witness, Polka's second ineffectiveness claim fails.

In his third issue, Polka asserts that the PCRA court erred in finding that trial counsel was not ineffective for failing to appear at a hearing for the post-sentence motion that counsel had filed, and for failing to file a brief which resulted in the motion's denial.

A PCRA petitioner claiming that trial counsel was ineffective for failing to file post-sentence motions must prove prejudice in order to obtain relief. **See**, **e.g.**, **Commonwealth v. Reaves**, 923 A.2d 1119, 1127-32 (Pa. 2007). In this case, trial counsel filed a timely post-sentence motion but his subsequent failure to file a supporting brief resulted in the motion's dismissal. Nonetheless, Polka must establish counsel's inaction prejudiced him.

- 11 -

Here, the PCRA court found that Polka's claim did not warrant relief because counsel's inaction did not prejudice Polka:

> Trial counsel's failure to appear or file [a brief] did not prejudice [Polka]. [Polka's] issues were not lost or waived. The argument in the September 30, 2019 post-sentence motion that was ultimately denied for counsel's failure to file a brief was a sufficiency of the evidence claim. [Polka] raised this issue on [direct] appeal, and the issue was found to be without merit.

Rule 1925(a) Opinion, 11/8/24, at 5.[3] Our review of the record supports the PCRA court's conclusion.

Polka's argument to the contrary is unavailing. He argues that he was denied the opportunity to argue the issues at the trial court level, he was "critically prejudic[ed] where both the trial court and the Superior Court on direct appeal were basing their decision on the record before them and had no argument regarding these claims to rely on." Polka's Brief at 22.

This argument is specious. The merit of any sufficiency challenge would depend on a review of the record, notwithstanding any arguments proposed by counsel. Moreover, in this Court, trial counsel filed an advocate brief challenging the sufficiency of evidence and provided supporting argument. *See Polka*, *supra*. Despite this advocacy, this Court, based on a review of the record, found the sufficiency challenge to be "entirely without merit." *Id.*

---

[3] At the evidentiary hearing, the PCRA court clarified that it was defendant (who was out on bond) rather than trial counsel who failed to appear at the post-sentencing hearing. *See* N.T., 9/26/24, at 19.

- 12 -

In this appeal, Polka provides no discussion of other meritorious arguments that his counsel could have been made but did not.

In sum, Polka's three ineffectiveness claims do not entitle him to relief. We therefore affirm the PCRA court's order denying Polka's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/18/2025