J-S44007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH HADI BEY | : | |
| | : | |
| Appellant | : | No. 587 MDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000135-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH HADI BEY | : | |
| | : | |
| Appellant | : | No. 588 MDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000129-2018

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 18, 2020**

Appellant, Jeremiah Hadi Bey, appeals from the post-conviction court's order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant alleges that his plea counsel was ineffective for not filing post-sentence motions or a direct appeal on his behalf. After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. The PCRA court summarized the procedural history of his case, as follows:

> On May 17, 2018, [in two separate, but consolidated cases, Appellant] pled guilty to Persons Not to Possess a Firearm[1] and Escape,[2] and [he] pled no contest to Possession of a Controlled Substance with the Intent to Deliver (PWID).[3] [Appellant] was sentenced th[at] same day to fifty-four … to one-hundred-eight months[' incarceration] for Persons Not to Possess a Firearm and one year to two years[' incarceration] on both counts of Escape and PWID. The sentences for Escape and PWID were ordered to run concurrent to [Appellant's] sentence for Persons Not to Possess a Firearm. No subsequent post-sentence motions or appeals were filed. Therefore, [Appellant's] sentence became final on June 17, 2018. On April 26, 2019, [Appellant] filed a timely[,] *pro se* … []PCRA[] petition. Helen Stolinas, Esq. was appointed to represent [Appellant] on May 1, 2019. [Appellant], through counsel, filed an amended PCRA petition on September 16, 2019[,] and a conference was held on September 24, 2019. An evidentiary hearing was held on January 10, 2020.
>
> [1] 18 Pa.C.S. § 6105(a)(1).
> [2] 18 Pa.C.S. § 5121(a).
> [3] 35 P.S. § 780-113(a)(30).

PCRA Court Opinion (PCO), 3/5/20, at 1.

On March 5, 2020, the court filed an order and opinion denying Appellant's petition. He then filed two, timely notices of appeal at each docket number. *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (holding that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal").[1]

---

[1] This Court *sua sponte* consolidated Appellant's appeals by *per curiam* order entered May 5, 2020.

Although not ordered to do so by the PCRA court, Appellant filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on May 7, 2020. The PCRA court filed a Rule 1925(a) statement on May 13, 2020, indicating that it was relying on the rationale set forth in its March 5, 2020 opinion accompanying its order denying Appellant's petition.

In Appellant's brief, he presents the following two issues for our review:

1. Whether [c]ounsel was ineffective in failing to file post[-]sentence motions and [an] appeal?

2. Whether the [c]ourt erred in denying Appellant's PCRA petition seeking restoration of [his] post-sentence rights?

Appellant's Brief at 6.

Appellant's issues are related and, therefore, we will address them together. We begin by recognizing that:

> In reviewing the propriety of the PCRA court's order dismissing a petition for post-conviction relief, we are limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. ***Commonwealth v. Halley***, … 870 A.2d 795, 799, n.2 ([Pa.] 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr****,* 768 A.2d 1164, 1166 (Pa. Super. 2001).

> We note the following relevant legal principles. The law presumes that counsel rendered effective assistance. ***Commonwealth v. Brooks***, … 839 A.2d 245, 248 ([Pa.] 2003). In order to prevail on an ineffectiveness claim, therefore, Appellant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for the course of conduct in question; and (3) he suffered prejudice as a result of counsel's ineffectiveness, *i.e.*, there is a reasonable probability that but for counsel's act or omission in question, the outcome of the proceeding would have been different.

- 3 -

Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. **Commonwealth v. Lantzy**, … 736 A.2d 564 ([Pa.] 1999). In **Lantzy**, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements of the PCRA are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is appropriate only where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal. **Id.**

**Commonwealth v. Spencer**, 892 A.2d 840, 841–42 (Pa. Super. 2006).

Here, the PCRA court found incredible Appellant's assertion that he asked his plea counsel, Dance Drier, Esq., to file a post-sentence motion and/or direct appeal on his behalf. The court explained:

[Appellant's] allegations in regards to his appeal have changed throughout the PCRA process. In [Appellant's] original PCRA petition he stated[:] "[C]ounsel advised me to go through the counsler [*sic*] at the jail[,] which was false [and] ultimately made me untimely for fileing [*sic*] my direct appeal." [Appellant's] Motion for Post Conviction Collateral Relief[,] 3/26/19, at 3. Further in the petition, [Appellant] reiterates:

Counsel was ineffective due to before the deadline of [Appellant's] direct appeal[, Appellant] spoke with counsel [and] asked counsel what did he have too [*sic*] do to file an appeal of his sentence. Counsel advised [Appellant] that he had to go through the co[u]nsler, at the jail where [Appellant] was incarc[e]rated at! Which was false [and] in fac[t] a lie … [and] that ultimately made [Appellant] untimely for his direct appeal.

**Id.** at 18.

In [Appellant's] Amended [p]etition[], he similarly argued that "[i]mmediately following sentencing, [Appellant] informed … [A]ttorney [Drier] that he wanted to appeal his sentence, and that he wanted to argue for a lesser sentence. Rather than meeting

- 4 -

with [Appellant], his attorney advised him to inform his counselor at the jail regarding the request." [Appellant's] Amended Post Conviction Relief Petition[,] 9/16/19, at 3. Then[,] abruptly at the time of the evidentiary hearing[,] the factual circumstances changed. [Appellant] testified [that on] the day after his sentenc[ing,] he told [Attorney] Drier he wanted to file an appeal and three days later he wrote [Attorney] Drier a letter stating: "[Y]ou told me in the courtroom after I was sentenced that you were going[] to file a direct appeal immediate [*sic*][""];[] "I'm sending you this letter as a reminder to file it before the deadline["];[] and "please make sure you file my paperwork before the deadline!" [Appellant's] Exhibit #1.

This [c]ourt finds [Appellant's] testimony was not credible. As shown above, [Appellant's] averments made in his original PCRA petition and Amended Petition do not match his testimony. Additionally, [Appellant's] Exhibit #1 does not match either [of] his petitions or [Appellant's] own testimony. The letter admitted as [Appellant's] Exhibit #1 cannot be verified [as to] when it was actually created or if it was actually sent. There is no timestamp, no proof of postage accompanying it, and no testimony to verify it, other than [Appellant's] self-serving testimony. [Appellant] expects this [c]ourt to simpl[y] rely on the first line of the letter which states: "This is Jeremiah Bey & today is May 20, 2018 - I was sentenced on May 17, 2018." [Appellant's] Exhibit #1. Yet, [Appellant] ignores the glaring red flag that the letter states [Attorney] Drier told him in the courtroom[,] after the plea/sentencing[,] that he would file an appeal on [Appellant's] behalf[, but Attorney] Drier was not in the courtroom and did not handle [Appellant's] plea and sentencing[;] another attorney in [Attorney] Drier's office did. The combination of an unverified letter and [Appellant's] self-serving and inconsistent averments throughout the process does not satisfy [Appellant's] burden to demonstrate by a preponderance of the evidence that [Attorney] Drier unjustly failed [Appellant] by not filing a requested direct appeal.[4]

[4] [Attorney] Drier was not called to testify by [Appellant] and, as the burden rests with [Appellant], this [c]ourt could only consider [Appellant's] filings, exhibits, and his own inconsistent testimony.

PCO at 5-6.

The record supports the PCRA court's conclusion that Appellant was inconsistent in explaining how and when he requested that Attorney Drier file post-sentence motions or a direct appeal on his behalf. In his *pro se* and amended petitions, he claimed that he told Attorney Drier he wanted to appeal and that, in response, counsel informed Appellant he must consult with prison authorities about an appeal. Then, in his testimony at the PCRA hearing, he did not mention this ostensible misinformation by Attorney Drier; instead, Appellant testified that one day after his plea/sentencing hearing, he called Attorney Drier and told him he wanted to file an appeal. N.T. PCRA Hearing, 1/10/20, at 8. Appellant further claimed that he wrote Attorney Drier a letter reminding counsel to file the appeal, however there was no proof of when the letter was drafted or sent to counsel. *Id.* at 9. Furthermore, in the letter, Appellant claimed he told Attorney Drier to file an appeal in person just after the plea/sentencing hearing concluded. Appellant did not call Attorney Drier to the stand at the hearing to provide his recollection of what, if anything, he and Appellant discussed after the plea/sentencing hearing.

Ultimately, these inconsistencies led the PCRA court to find incredible Appellant's claim that he asked Attorney Drier to file a post-sentence motion and/or an appeal on Appellant's behalf. Because the record supports that decision, we are bound to affirm the court's order dismissing Appellant's petition. *See Commonwealth v. Abu–Jamal*, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports

the PCRA court's credibility determinations, those determinations are binding on this [C]ourt.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2020