J-S43005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANNA PEDDIGREE | : | |
| | : | |
| Appellant | : | No. 1187 EDA 2025 |

Appeal from the PCRA Order Entered April 14, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000257-2024

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 13, 2026**

Anna Peddigree appeals from the order denying her first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On February 9, 2024, the Commonwealth charged Peddigree with two counts of discharging a firearm into an occupied structure and two counts of recklessly endangering another person. On February 1, 2024, privately-retained counsel entered his appearance. On May 2, 2024, Peddigree entered an open plea to one count of discharge of a firearm into an occupied structure, a third-degree felony. In exchange for entering the guilty plea the Commonwealth agreed to withdraw the other three counts. On June 13, 2024, the trial court imposed a sentence of three to six years of imprisonment. Peddigree filed neither a post-sentence motion nor a direct appeal.

On January 21, 2025, Peddigree filed the counseled PCRA petition at issue. In this petition, Peddigree raised the sole ineffectiveness claim that plea counsel induced her to plead guilty by promising that she would only receive a sentence of probation. On March 24, 2025, the PCRA court held an evidentiary hearing at which Peddigree and plea counsel testified. By order and opinion entered April 14, 2025, the PCRA court denied Peddigree's petition. This timely appeal followed. Both Peddigree and the PCRA court have complied with Appellate Rule 1925.

Peddigree raises the following three issues on appeal:

1. Whether [plea counsel] was ineffective in whole or in part in his representation of [Peddigree], by failing to make sure that [Peddigree] understood the elements of the crime [for] which [she] was being charged, the advantages and disadvantages of entering a plea in open court, and investigating witnesses regarding the good character of [Peddigree] as well as the possibility of bringing forth a self-defense claim.

2. Whether the guilty plea colloquy is defective and fails the requirements and mandates cited in *Commonwealth v. Allen*, [420 A.2d 653 (Pa. Super. 1980)].

3. Whether the guilty plea entered by [Peddigree] was made knowingly, intelligently, and voluntarily.

Peddigree's Brief at 6.[1]

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and

---

[1] We note with displeasure Peddigree's lengthy supporting argument for these three issues consists of five separate sections, thereby violating Appellate Rule 2119 (providing that an appellant's "argument shall be divided into as many part as there are questions to be argued").

is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In her first issue, Peddigree alleges the ineffective assistance of plea counsel for advising her to enter a guilty plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

> For claims of ineffectiveness in relating to the entry of a plea, we note:
>
> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief

based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge [her] guilty plea by asserting that [she] lied while under oath, even if [she] avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements [she] makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements [she] made at [her] plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Before addressing the merits of Peddigree's ineffectiveness claims, we must determine whether they are properly before us. As noted above, the only allegation of plea counsel's ineffectiveness that Peddigree raised in her PCRA petition was her claim that plea counsel induced her plea by promising

her she would receive a probationary sentence. It is well settled that claims not raised in a post-conviction petition are waived on appeal. ***See*** Pa.R.Crim.P. 902(b); ***Commonwealth v. Elliott***, 80 A.3d 415, 430 (Pa. 2013). Although Peddigree raised seventeen claims of counsel's ineffectiveness in her Rule 1925(b) statement, she was too late to raise these claims. In ***Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011), we explained that a PCRA petitioner cannot raise issues for the first time in a Rule 1925(b) statement. Thus, the additional claims Peddigree raised in her Rule 1925 statement are waived.

As to the only ineffectiveness claim Peddigree preserved for appeal, the PCRA court considered the testimony from the PCRA hearing and found it had no merit:

> [Peddigree] argues that [plea counsel] rendered ineffective assistance of counsel by inducing her to enter into an involuntary and unknowing guilty plea by promising her a probationary sentence. This argument is without merit. The record reflects that [Peddigree] voluntarily and knowingly entered into the open guilty plea and was aware of the maximum sentence she could receive.
>
> Indeed, [plea counsel] discussed with [Peddigree] what an open plea was and that [the trial court] had complete discretion in determining and imposing the sentence. He further explained the maximum sentence that could be imposed by [the trial court] on the charge of Discharge of a Firearm into an Occupied Structure was [3½ to 7] years. [Plea counsel] also conveyed to [Peddigree] that the standard range for the minimum sentence for this offense, in light of her prior record score of zero, was [22] months to [36] months. **At no time did [plea counsel] promise or suggest that [Peddigree] would receive probation, as he opined that this was not a probation case.** After these

- 5 -

discussions and explanations, [Peddigree] made the decision to accept the offer.

\*\*\*

Furthermore, [plea counsel], with his [43] years of legal experience, thoroughly evaluated the case based on the facts and evidence adduced through discovery. [Peddigree] had confessed to the crime and did not indicate that she wanted to proceed to trial. After discussions with his client, [plea counsel's] aim was to negotiate the most beneficial guilty plea agreement possible. [Plea counsel] did just that. The negotiated guilty plea shielded Peddigree from a lengthier sentence being imposed. While [Peddigree] now contends that [plea counsel] promised that she would receive probation and that she wanted to go to trial and not enter the guilty plea, [the PCRA court] finds [Peddigree] not to be a credible witness. Indeed, [Peddigree] knowingly and voluntarily chose to enter the guilty plea. [Peddigree] merely is not satisfied with [the trial court's] sentence. In light of the foregoing, [the PCRA court] cannot find [plea counsel] ineffective.

PCRA Court Opinion, 4/14/25, at 5-9 (emphasis added).

Our review of the record supports the PCRA court's conclusion. As a matter of credibility, the PCRA court did not believe Peddigree's testimony. We cannot disturb this determination. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).[2]

In her final two issues, Peddigree claims that her oral plea colloquy was defective because the trial court did not inform her of the elements of the

---

[2] We note that nowhere in her lengthy argument on appeal does Peddigree refer to the PCRA court's determination regarding this ineffectiveness claim. Rather, she raises new claims of ineffectiveness throughout her brief.

crime to which she pled guilty and, and that the PCRA court erred in concluding that her guilty plea was knowingly, intelligently, and voluntarily entered. Because Peddigree did not file a motion to withdraw her guilty plea or challenge the validity of her plea on direct appeal, these claims are waived under the PCRA. *See generally*, 42 Pa.C.S.A. § 9544(b). Even if they were not waived, our review of Peddigree's oral and written plea colloquies support the PCRA court's conclusion that Peddigree entered a valid guilty plea.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/13/2026